E-FILED
11/18/2020 11:00 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV373699
Reviewed By: M Vu

W. Zev Abramson, Esq. #289387
Nissim Levin, Esq. #306376
Christina Begakis, Esq. #316779
**ABRAMSON LABOR GROUP**
3580 Wilshire Blvd, Suite 1260
Los Angeles, California 90010
Tel:   (213) 493-6300
Fax:   (213) 382-4083

**Attorneys for Plaintiff,**
JORGE MADRIGAL

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SANTA CLARA

JORGE MADRIGAL, an individual,

　　　　Plaintiff,

　　vs.

PERFORMANCE FOOD GROUP, INC., a corporation; PERFORMANCE TRANSPORTATION, LLC, a limited liability company; and DOES 1-100,

　　　　Defendants.

Case No.:   20CV373699

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:**

1. Disability Discrimination
2. Failure to Accommodate
3. Failure to Engage in the Good Faith Interactive Process
4. Retaliation in Violation of the Fair Employment and Housing Act
5. Wrongful Termination in Violation of Public Policy

Over $25,000

PLAINTIFF complains and alleges as follows:

　　1.　　On information and belief, Plaintiff, JORGE MADRIGAL, is a resident of the State of California.

　　2.　　At all times herein mentioned, Defendant, PERFORMANCE FOOD GROUP, INC. was doing business in California at 5480 Monterey Road, Gilroy, CA 95020, and was the employer of Plaintiff from December 2016 through his wrongful termination on or about September 18, 2020.

3. At all times herein mentioned, Defendant, PERFORMANCE TRANSPORTATION, LLC. was doing business in California at 5480 Monterey Road, Gilroy, CA 95020 and was the employer of Plaintiff from December 2016 through his wrongful termination on or about September 18, 2020.

4. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those Defendants fictitiously sued as DOES 1 through 100 inclusive and so Plaintiff sues them by these fictitious names. Upon discovering the true names and capacities of these fictitiously named Defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named Defendants.

5. Unless otherwise alleged in this complaint, Plaintiff is informed and believes, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining co-Defendants, in doing the things hereinafter alleged, was acting within the course, scope and under the authority of his/her/its agency, employment, or representative capacity, with the consent of her/his/its co-Defendants.

6. In or around December 2016, Plaintiff was hired by Defendants as a Class A Driver.

7. In or around February 2020, Plaintiff began experiencing respiratory symptoms and was thereafter diagnosed with pneumonia, a disability which affects Plaintiff's ability to breathe.

8. As a result of Plaintiff's disability, Plaintiff was placed on medical leave by his physician. Plaintiff provided doctor's notes to his employers.

9. Subsequently, Plaintiff's physician extended Plaintiff's medical leave to September 2020 as a result of Plaintiff's disability and Plaintiff's status as "high risk" in the climate of the COVID-19 pandemic.

10. On or about August 25, 2020, Defendants requested updated paperwork from Plaintiff's physician regarding Plaintiff's disability.

11. Plaintiff complied with Defendant's request on or about September 2, 2020 with completed paperwork from Plaintiff's physician informing Defendant of Plaintiff's ability to return to work with a reasonable accommodation of minimizing contact with people.

12. Upon receipt of Plaintiff's request for accommodation, Defendant scheduled a meeting with Plaintiff on or about September 8, 2020.

13. On or about September 8, 2020, Plaintiff met with Defendants to discuss his request for accommodation. Plaintiff proposed a transition to a position within Defendant's warehouse to accommodate Plaintiff's disability and request for minimal contact with other persons. Defendant denied Plaintiff's request and failed to offer any other options to accommodate Plaintiff's disability and simply ended the meeting. As such, Defendants failed to participate in any good faith interactive process.

14. Accommodations could have been made for Plaintiff such as placement in a warehouse position or placement on a different driving route such as a "key drop" or long haul route which involves limited to no interaction with customers.

15. Plaintiff is informed and believes and based thereon alleges that Defendant operated a long-haul route between the Gilroy area and Los Angeles. This route involves little if any customer contact and was not regularly assigned to any particular driver. Defendant's agents were aware of this position and failed to offer it to Plaintiff despite its availability and the perfect fit between the route's characteristics and Plaintiff's medical needs.

16. Rather than make any attempt to accommodate Plaintiff, Plaintiff was terminated by Defendants on or about September 18, 2020 due to his disability and based on his request for an accommodation of his disability.

17. As a result of being subjected to discrimination, retaliation and termination of employment by Defendant due to Plaintiff's disability, Plaintiff suffered emotional distress and medical expenses. Further, as a result of all of the foregoing and following actions taken towards Plaintiff as alleged herein, Plaintiff has incurred loss of earnings and benefits in an amount not yet ascertained.

Exhibit A

18.     All of the foregoing and following actions taken towards the Plaintiff as alleged herein were carried out by Defendants in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff.

19.     As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer from losses of earnings and otherwise in amounts as yet unascertained but subject to proof at trial.

<u>First Cause of Action</u>

**DISABILITY DISCRIMINATION**

20.     Plaintiff re-alleges the information set forth in Paragraphs 1-19 as though fully set forth and alleged herein.

21.     This cause of action is based upon *Government Code* section 12926(m), which defines physical disability as having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine, and the disability limits an individual's ability to participate in major life activities. This cause of action is also based upon *Government Code* section 12940 for discriminating against Plaintiff on the basis of physical disability.

22.     Plaintiff's disability (actual and/or perceived), specifically his pneumonia and additional respiratory symptoms, constituted a disability as defined above in *Government Code* §12926(m).

23.     Defendants are an "employer" as defined by and subject to *Government Code* section 12900, et al.

24.     Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act by filing charges that Defendant violated the California Fair Employment and Housing Act and was issued the Notice of Case Closure/Right-to-Sue Letter granting Plaintiff the right to bring suit against Defendant.

Exhibit A

25.  Defendant was aware that Plaintiff was disabled or at least perceived that he was disabled.

26.  Reasonable accommodations could have been made for Plaintiff's disabilities, such as placement in a warehouse position or placement on a different driving route such as a "key drop" route which involves limited to no interaction with customers, but were not provided.

27.  Defendant discriminated against Plaintiff in violation of the *Government Code* sections set forth herein by terminating Plaintiff's employment because of his disabilities (actual and/or perceived) and requests for disability accommodation.

28.  As a direct, foreseeable, and proximate result of the conduct of Defendant, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

29.  The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said Defendants engaged in those acts as described in this cause of action entitle Plaintiff to punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

30.  Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said Defendants was ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

31.  Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as allowed by California Government Code §12965 and any other applicable statutes for

Exhibit A

Plaintiff's prosecution of this action in reference to the time Plaintiff's attorney spends pursuing this cause of action as well as any other applicable statutes.

<u>Second Cause of Action</u>

**FAILURE TO ACCOMMODATE**

32. Plaintiff re-alleges the information set forth in Paragraphs 1-31 as though fully set forth and alleged herein.

33. This cause of action is based upon *Government Code* section 12926(m), which defines physical disability as having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine, and the disability limits an individual's ability to participate in major life activities. Moreover, this cause of action is also based upon <u>Government Code</u> section 12940 for discriminating against Plaintiff on the basis of his physical disability and for failing to provide reasonable accommodation of Plaintiff's physical disability. This cause of action is also based upon <u>Government Code</u> section 12940 for discriminating against Plaintiff on the basis of his disabilities and for failing to provide reasonable accommodation of Plaintiff's disabilities.

34. Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act by filing charges that Defendants discriminated against him and his employment and violated the California Fair Employment and Housing Act and has received a Right to Sue Letter.

35. Plaintiff's disability (actual and/or perceived), specifically his pneumonia and additional respiratory symptoms, constituted a disability as defined above in *Government Code* §12926(m).

36. Defendants are an "employer" as defined by and subject to *Government Code* section 12900, et al.

37. Plaintiff is informed and believes and on that basis alleges that Defendants were aware of Plaintiff's disability (actual and/or perceived) as described above.

38. Reasonable accommodations could have been made for Plaintiff's physical disability, such as placement in a warehouse position or placement on a different driving route such as a "key drop" or long haul route which involves limited to no interaction with customers, but were not provided.

39. Plaintiff is informed and believes and based thereon alleges that Defendant operated a long-haul route between the Gilroy area and Los Angeles. This route involves little if any customer contact and was not regularly assigned to any particular driver. Defendant's agents were aware of this position and failed to offer it to Plaintiff despite its availability and the perfect fit between the route's characteristics and Plaintiff's medical needs.

40. Defendants failed to reasonably accommodate Plaintiff's disability.

41. As a result of being subjected to Defendants' failure to accommodate, discrimination and termination of employment, Plaintiff suffered emotional distress. Further, as a result of all of the foregoing and following actions taken towards Plaintiff as alleged herein, Plaintiff has incurred loss of earnings and benefits in an amount not yet ascertained.

42. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

43. The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said Defendants engaged in those acts as described in this cause of action entitle Plaintiff to punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter them from engaging in such conduct again, and to make an example of them to others. Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said Defendants was ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring

Exhibit A

1  Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in this cause
2  of action in a sum to be determined at the time of trial.
3      44.     Plaintiff also prays for reasonable costs and attorney fees against said Defendants,
4  as allowed by California Government Code §12965 and any other applicable statutes for
5  Plaintiff's prosecution of this action in reference to the time Plaintiff's attorney spends pursuing
6  this cause of action as well as any other applicable statutes.

Third Cause of Action

**FAILURE TO ENGAGE IN THE GOOD FAITH INTERACTIVE PROCESS**

9      45.     Plaintiff re-alleges the information set forth in Paragraphs 1-44 as though fully set
10 forth at length.
11     46.     As alleged herein and in violation of California Government Code section
12 12940(n), Defendant violated the California Fair Employment and Housing Act by, among other
13 things, refusing and/or failing to engage in a timely, good faith, interactive process with Plaintiff
14 regarding his work restrictions and disabilities.
15     47.     As a direct and proximate result of Defendant's willful, knowing, and intentional
16 failure to engage in the interactive process, Plaintiff has sustained and continues to sustain
17 substantial losses in earnings and other employment benefits.
18     48.     As a direct, foreseeable, and proximate result of the conduct of Defendants,
19 Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job
20 benefits, and other employment benefits which he would have received from Defendants, plus
21 expenses incurred in obtaining substitute employment and not being regularly employed all to
22 her damage in a sum within the jurisdiction of this court, to be ascertained according to proof.
23     49.     The grossly reckless, careless, negligent, oppressive and/or intentional, malicious,
24 and bad faith manner in which said Defendants engaged in those acts as described in this cause
25 of action entitle Plaintiff to punitive damages against said Defendants in an amount within the
26 jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish
27 said Defendants, deter them from engaging in such conduct again, and to make an example of
28 them to others. Plaintiff is informed and believes and based thereon alleges that the punitive

Exhibit A

1  conduct of said Defendants was ratified by those other individuals who were managing agents of
2  said Defendants. These unlawful acts were further ratified by Defendants and done with a
3  conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring
4  Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in this cause
5  of action in a sum to be determined at the time of trial.

### Fourth Cause of Action

**RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

50.   Plaintiff re-alleges the information set forth in Paragraphs 1-49 as though fully set forth and alleged herein.

51.   This cause of action is based upon *California Government Code Section 12940, et seq.* which prohibits employers from retaliating against employees who make a request for accommodation for their disabilities and who complain of a lack of accommodation for their disabilities; and prohibits employers from retaliating against employees who complain of disability discrimination.

52.   Defendant violated *California Government Code Section 12940, et seq.* by doing the following acts all because of Plaintiff's requests for accommodation and complaints of a lack of all reasonable accommodations for his disabilities, including but not limited to, discriminating against and terminating Plaintiff as a result of his requests for accommodation of his disability as described in the general allegations above.

53.   Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act by filing charges that Defendants discriminated and retaliated against her and her employment and violated the California Fair Employment and Housing Act and has received a Right to Sue Letter.

54.   As a direct and proximate result of Defendant's willful, knowing, and intentional, retaliation, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

55.   As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job

1  benefits, and other employment benefits which he would have received from Defendants, plus
2  expenses incurred in obtaining substitute employment and not being regularly employed all to
3  his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

4      56.    The grossly reckless, careless, negligent, oppressive and/or intentional, malicious,
5  and bad faith manner in which said Defendants engaged in those acts as described in this cause
6  of action entitle Plaintiff to punitive damages against said Defendants in an amount within the
7  jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish
8  said Defendants, deter them from engaging in such conduct again, and to make an example of
9  them to others. Plaintiff is informed and believes and based thereon alleges that the punitive
10 conduct of said Defendants was ratified by those other individuals who were managing agents of
11 said Defendants. These unlawful acts were further ratified by Defendants and done with a
12 conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring
13 Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in this cause
14 of action in a sum to be determined at the time of trial.

15     57.    Defendants, and each of them, committed the acts alleged herein recklessly,
16 maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for
17 an improper and evil motive amounting to malice (as described above), and with a reckless and
18 conscious disregard of Plaintiffs' rights. All actions of Defendants, and each of them, their
19 agents and employees, herein alleged were known, ratified and approved by the Defendants, and
20 each of them. Plaintiff is thus entitled to recover punitive and exemplary damages from
21 Defendants, and each of them, for these wanton, obnoxious, and despicable acts as allowed by
22 law, that will sufficiently punish, make an example of, and deter future conduct by Defendants.

Fifth Cause of Action

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

25     58.    Plaintiff re-alleges the information set forth in Paragraphs 1-57 above and by this
26 reference incorporates said paragraphs herein as though fully set forth at length.
27     59.    Plaintiff's employment was wrongfully terminated, in violation of substantial and
28 fundamental public policies of the State of California that inures to the benefit of the public, with

Case 5:21-cv-00021-VKD   Document 1-1   Filed 01/04/21   Page 11 of 12

Exhibit A

respect to retaliation, tortious discharge, and adverse employment actions taken against Plaintiff for complaining of labor code violations, all in violation of various state statutes including but not limited to violations of California's Constitution and the Fair Employment and Housing Act.

60. As a result of their employment relationship, Defendant was obligated to restrain from discharging Plaintiff for reasons which violate or circumvent said policy, law, or the objectives that underlie each and not to compound their illegal conduct by retaliating against Plaintiff.

61. Defendant's act of retaliating against Plaintiff for his disability and requests for accommodation of his disability constitutes wrongful termination in violation of public policy.

62. As a direct and proximate result of Defendant's willful, knowing, and intentional failure to engage in the interactive process, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

63. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

64. The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said Defendants engaged in those acts as described in this cause of action entitle Plaintiff to punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter them from engaging in such conduct again, and to make an example of them to others. Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said Defendants was ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

Complaint and Demand for Jury Trial

11

Exhibit A

65. As a result of Defendant's retaliatory or other illegal and prohibited acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

66. The damages herein exceed $25,000.00.

67. Plaintiff requests a jury trial.

WHEREFORE, Plaintiff prays for the following relief:

1. For special damages in an amount according to proof for Plaintiff's loss of past and future earnings, loss of benefits, loss of bonuses, expenses to obtain new employment, loss of job security and all damages flowing therefrom;
2. For all general and special damages to compensate Plaintiff for any past and future medical expenses and suffering and related damages;
3. For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants;
4. For all penalties under all relevant statutes;
5. For all costs and disbursements incurred in this suit;
6. For all interest as allowed by law;
7. For attorney's fees and costs; and
8. For such other and further relief as the Court deems just and proper.

DATED: November 18, 2020

ABRAMSON LABOR GROUP

By: _____
Christina Begakis, Esq.
Attorneys for Plaintiff
JORGE MADRIGAL