UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JORGE MADRIGAL,<br><br>    Plaintiff,<br><br>    v.<br><br>PERFORMANCE TRANSPORTATION, LLC,<br><br>    Defendant. | Case No. 21-cv-00021-VKD<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 9 |

In this action, plaintiff Jorge Madrigal asserts the following claims against defendant Performance Transportation, LLC ("PTL") asserting: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12969(m) and 12940; (2) failure to accommodate Mr. Madrigal's disability in violation of FEHA, Cal. Gov't Code §§ 12969(m) and 12940; (3) failure to engage in a good faith interactive process in violation of FEHA, Cal. Gov't Code § 12940(n); (4) retaliation in violation of FEHA, Cal. Gov't Code § 12940 et seq.; and (5) wrongful termination in violation of public policy. Dkt. No. 1-1. PTL now moves to dismiss all claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or in the alternative to strike portions of the complaint under Rule 12(f). Dkt. No. 9.

All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 12, 13. The Court heard oral argument on PTL's motion on March 30, 2021. Dkt. No. 28. Having considered the parties' submissions and the arguments made at the hearing, the Court grants PTL's motion to dismiss the complaint with leave to amend, and denies PTL's motion to strike.

## I. BACKGROUND

Mr. Madrigal began working for PTL in December 2016 as a Class A Driver.[1] Dkt. No. 1-1 ¶¶ 3, 6. In February 2020, Mr. Madrigal began experiencing "respiratory symptoms" and was diagnosed with pneumonia. *Id.* ¶ 7. He asserts that his pneumonia affects his ability to breathe. *Id.* As a result of his pneumonia, Mr. Madrigal's physician placed him on medical leave. *Id.* ¶ 8. Mr. Madrigal provided doctor's notes to PTL. *Id.* Sometime thereafter, Mr. Madrigal's doctor extended his leave to September 2020 based on his pneumonia and his "high risk" status in light of the ongoing COVID-19 pandemic. *Id.* ¶ 9.

On August 25, 2020, PTL asked Mr. Madrigal to provide "updated paperwork" from his doctor concerning his condition. *Id.* ¶ 10. On September 2, 2020, Mr. Madrigal provided PTL with "completed paperwork" from his doctor stating that he could return to work with a "reasonable accommodation of minimizing contact with people." *Id.* ¶ 11.

The parties met on September 8, 2020 to discuss Mr. Madrigal's requested accommodation. *Id.* ¶¶ 12-13. Mr. Madrigal proposed a transition from his driver's position to a position in PTL's warehouse to accommodate his pneumonia and need for minimal contact with others. *Id.* ¶ 13. Mr. Madrigal says that PTL's representatives denied his request and ended the meeting without offering any other options to accommodate his condition. *Id.* Mr. Madrigal says that there were various ways PTL could have accommodated him, including a position in the warehouse or placement on a different driving route that involved limited to no interaction with customers. *Id.* ¶ 14. In particular, Mr. Madrigal believes that PTL operates a long-haul route between Gilroy and Los Angeles that involves little to no customer contact and is not regularly assigned to any individual driver. *Id.* ¶ 15. PTL did not offer this long-haul route to Mr. Madrigal. *Id.*

---

[1] Mr. Madrigal originally named as defendants PTL and another entity called Performance Food Group, Inc. ("PFG"). Dkt. No. 1-1 ¶ 2. On February 4, 2021, the Court granted the parties' stipulation agreeing that Mr. Madrigal was employed by PTL and dismissing PFG from the action without prejudice. Dkt. No. 17. Accordingly, the Court does not consider PTL's argument that Mr. Madrigal has not properly alleged joint employment and wrongful conduct by both PTL and PFG. Dkt. No. 9 at 15–16. The Court does consider PTL's argument that the complaint's allegations do not state a plausible claim for relief, in part, because of repeated vague references to conduct of "defendants." *See infra* Section III.F.

PTL terminated Mr. Madrigal's employment on September 18, 2020. *Id.* ¶ 16. Mr. Madrigal says PTL terminated him "due to his disability and based on his request for an accommodation of his disability." *Id.* He filed this action in state court on November 18, 2020. Dkt. No. 1-1. On January 4, 2021, PTL removed the action to federal court based on diversity jurisdiction. Dkt. No. 1. The motion now before the Court followed on January 11, 2021. Dkt. No. 9.

**II.  LEGAL STANDARD**

    **A.  Rule 12(b)(6)**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC*, No. 17-CV-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor must the Court accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

    **B.  Rule 12(f)**

Before responding to a pleading, a party may move to strike any "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A matter is "immaterial" if it "has no

3

essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotation marks omitted). A matter is "impertinent" if it "do[es] not pertain, and [is] not necessary, to the issues in question." *Id.* (internal quotation marks omitted). "Scandalous" allegations include those that "cast a cruelly derogatory light on a party or other person." *Figy v. Lifeway Foods, Inc.*, No. 13-cv-04828-THE, 2016 WL 4364225, at *3 (N.D. Cal. Aug. 16, 2016).

"[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). "A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action." *Oracle Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1132 (N.D. Cal. 2011). When ruling on a motion to strike, the Court must accept the nonmoving party's allegations as true and liberally construe the attacked pleading in the light most favorable to the nonmoving party. *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1140 (N.D. Cal. 2010).

### III. MOTION TO DISMISS

PTL moves to dismiss the complaint on the following grounds: (1) Mr. Madrigal has not pled facts sufficient to state claims for disability discrimination, failure to accommodate, retaliation, and wrongful termination; and (2) Mr. Madrigal has not pled his claim for punitive damages with sufficient particularity. Dkt. No. 9. The Court addresses each claim in turn.

**A.    Disability Discrimination (FEHA, Cal. Gov't Code §§ 12969(m) and 12940)**

FEHA provides that it is an unlawful employment practice "[f]or an employer, because of the . . . physical disability, mental disability, [or] medical condition . . . of any person . . . to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Cal. Gov't Code § 12940. To state a claim for disability discrimination under

4

FEHA, Mr. Madrigal must allege that he: (1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable accommodations; and (3) was subjected to an adverse employment action because of the disability or perceived disability. *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 797 (N.D. Cal. 2015) (citing *Wills v. Superior Ct.*, 195 Cal. App. 4th 143, 159–60 (2011)).

PTL challenges Mr. Madrigal's pleading on all elements of his disability discrimination claim. Dkt. No. 9 at 6–11. In addition, PTL says, Mr. Madrigal's discrimination claim cannot be based on a failure to accommodate because such failure is not an adverse employment action. The Court considers each argument in turn.

### 1. Qualifying disability

FEHA defines "physical disability" as a physiological disease or condition that both affects one or more bodily system—including the respiratory system—and limits a major life activity. Cal. Gov't Code § 12926(m)(1). The term "major life activity" is broadly construed and includes physical and social activities and working. *Id.* § 12926(k)(iii). A disease or condition limits a major life activity if it makes the achievement of the major life activity difficult. *Id.* § 12926(m)(1)(B)(ii). The parties do not dispute that breathing is a major life activity. *See* Cal. Code Regs. tit. 2, § 11065.

Here, Mr. Madrigal has pled that he was diagnosed with pneumonia after suffering respiratory symptoms, a disease that affected his ability to breathe, and that his physician extended his medical leave to September 2020 based on his condition and "high risk" status in view of the COVID-19 pandemic. Dkt. No. 1-1 ¶¶ 7, 9. However, it is not clear from the complaint whether Mr. Madrigal contends that he is disabled because he had pneumonia or because he had pneumonia during the COVID-19 pandemic and was therefore particularly vulnerable to serious illness or death. *Compare id.* ¶ 7 *with id.* ¶ 9 *and* ¶ 22 *and* Dkt. No. 14 at 6. At the hearing, Mr. Madrigal asserted that his qualifying disability is pneumonia and associated respiratory conditions that put him at high risk for contracting COVID-19. If that is the case, he must so state in his complaint.

### 2. Qualified individual

Under FEHA, a qualified individual is one with a disability who, with or without reasonable accommodation, can perform the essential functions of the job that individual holds. *Foster v. City of Oakland*, 649 F. Supp. 2d 1008, 1018 (N.D. Cal. 2009) (citing *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 255 (2000)). Mr. Madrigal has pled that PTL hired him as a Class A driver, but he does not identify the essential duties of that position, nor does he say whether he was able to perform them with or without reasonable accommodation. Mr. Madrigal points to paragraphs 13 through 15 of the complaint in which he states that he was able to perform his essential duties, but those allegations are entirely conclusory, except for the allegation that his current position involved driving some unspecified route that required him to engage in face to face contact with some customers. *Compare* Dkt. No. 14 at 9 *with* Dkt. No. 1-1 ¶¶ 13-15. Accordingly, the Court finds that Mr. Madrigal has not adequately pled facts identifying the essential duties of his position or showing that he is a qualified individual.

### 3. Substantial motivating factor

To satisfy the third element of a section 12940(a) disability discrimination claim, the plaintiff's disability must have been a "substantial motivating factor" in the particular employment decision. *Achal*, 114 F. Supp. 3d at 797 (citing *Harris v. City of Santa Monica,* 56 Cal. 4th 203, 233 (2013)). In addition to alleging a qualifying disability, a plaintiff must allege "actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a [prohibited] discriminatory criterion." *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 355 (2000).

Here, Mr. Madrigal pleads only that he was terminated "due to his disability," apparently based solely on the fact that PTL denied his request for accommodation at the September 8 meeting and then terminated his employment 10 days later. Dkt. No. 1-1 ¶¶ 13, 16. Mr. Madrigal appears to rely solely on the temporal proximity of his termination to the September 8 meeting. Such allegations, without more, do not plausibly support Mr. Madrigal's claim that he was terminated because of a disability or that such disability was a substantial motivating factor in the decision to terminate him. *See Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL

2431473, at *13 (N.D. Cal. May 30, 2018).

#### 4. Failure to accommodate

Finally, PTL contends that to the extent Mr. Madrigal asserts disability discrimination based on PTL's failure to accommodate, such failure is not an adverse employment action as a matter of law. Dkt. No. 9 at 8–9 (citing *Doe v. Dep't of Corr. and Rehab.*, 43 Cal. App. 5th 721, 735–36 (2019)). "No court has ever held that a failure to reasonably accommodate an employee's disability—which is a separate cause of action under FEHA (§ 12940, subd. (m))—can qualify as the adverse action underlying a discrimination or retaliation claim. Were the law otherwise, every time an employee was denied a requested accommodation, he would be able to 'double dip' by asserting both . . . failure-to-accommodate and . . . retaliation claims." *Doe*, 43 Cal. App. 5th at 735–36 (internal quotation marks omitted). Mr. Madrigal does not respond to PTL's argument on this point and thus appears to concede it. *See* Dkt. No. 14 at 8. Accordingly, to the extent Mr. Madrigal pleads disability discrimination based on a failure to accommodate, that aspect of the claim is dismissed.

For the reasons stated above, the Court concludes that the complaint does not state a claim of disability discrimination.

### B. Failure to Accommodate (FEHA, Cal. Gov't Code §§ 12926(m) and 12940)

FEHA makes it an unlawful employment practice "[f]or an employer . . . to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." Cal. Gov't Code § 12940(m). To state a claim for failure to provide reasonable accommodation, Mr. Madrigal must allege that he suffers from a physical or mental disability, that he is a qualified individual, and that PTL failed to reasonably accommodate his disability. *Alejandro v. ST Micro Elecs., Inc.*, 129 F. Supp. 3d 898, 911 (N.D. Cal. 2015) (citing *Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245, 256 (2000)). "Reasonable accommodation" means a "modification or adjustment to the workplace that enables a disabled employee to perform the essential functions of the job held or desired." *Achal*, 114 F. Supp. 3d at 798–99 (quoting *Taylor v. Trees, Inc.*, 58 F. Supp. 3d 1092, 1111 (E.D. Cal. 2014)) (internal quotation marks omitted); *see also* Cal. Gov't Code § 12926(p). The reasonableness of an accommodation is generally a

question of fact. *Achal*, 114 F. Supp. 3d at 799 (citing *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 228 n.11 (1999)). To face liability under section 12940(m), an employer must have been aware of the employee's disability, and once aware, the employer has an affirmative duty to reasonably accommodate, which is not extinguished by one effort. *Id.* (citing *Swanson v. Morongo Unified Sch. Dist.*, 232 Cal. App. 4th 954, 969 (2014); *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 443 (2007)).

PTL contends that Mr. Madrigal's complaint contains only boilerplate recitations of the elements of a failure to accommodate claim. In fact, PTL says, the complaint itself alleges that PTL attempted to accommodate Mr. Madrigal by allowing him to take a medical leave of absence and meeting with him to discuss possible accommodations. Dkt. No. 9 at 13–14. In response, Mr. Madrigal points to the challenged allegations and asserts they are adequate. Dkt. No. 14 at 9–10. At the hearing, Mr. Madrigal argued that upon being notified of his disability and requested accommodation, PTL was legally required to place him in another position that did not require contact with others, or to reasonably accommodate his disability in the Class A driver position. However, the complaint does not clearly indicate that Mr. Madrigal's failure to accommodate claim relies on both of theories, as opposed to only the latter.

Because Mr. Madrigal has not pled facts sufficient to identify the qualifying disability and to show that he is a qualified person under FEHA, *see supra* Section III.A.2, he also fails to state a claim for failure to accommodate under FEHA.

C. **Good Faith Interactive Process (FEHA, Cal. Gov't Code § 12940(n))**

To state a claim for failure to engage in an interactive process under FEHA, a plaintiff must plead that his employer failed "to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." Cal. Gov't Code § 12940(n). So long as the employee is disabled and qualified to perform his job duties, the employer has an affirmative duty "to explore further methods of accommodation before terminating [the employee]." *Alejandro*, 129 F. Supp. 3d at 912 (quoting *Humphrey v. Memorial Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th

1   Cir. 2015)) (internal quotation marks omitted).  However, "an employer may be held liable for
2   failing to engage in the good faith interactive process only if a reasonable accommodation was
3   available."  *Nadaf–Rahrov v. Neiman Marcus Group, Inc.*, 166 Cal. App. 4th 952, 979–81 (2008).
4   The good faith interactive process requires that "both sides must communicate directly, exchange
5   essential information and neither side can delay or obstruct the process."  *Id.* at 984–85 (alterations
6   omitted).  "[T]he trial court's ultimate obligation is to isolate the cause of the breakdown [in the
7   interactive process] and then assign responsibility," so the employer may be liable only if it was
8   responsible for the breakdown of the interactive process.  *Id.* at 985 (alterations omitted).

9       PTL contends that Mr. Madrigal's complaint contains only boilerplate recitations of the
10   elements of a good faith interactive process claim, and that the complaint's allegations show that
11   PTL did indeed attempt to engage in a good faith interactive process by allowing Mr. Madrigal to
12   take a medical leave of absence and meeting with him to discuss possible accommodations.  Dkt.
13   No. 9 at 13–14.  In response, Mr. Madrigal points to the challenged allegations and asserts they are
14   adequate.  Dkt. No. 14 at 9–10.  Without more, these allegations do not support Mr. Madrigal's
15   claim that PTL failed to engage at all in an interactive process or that it is responsible for a
16   breakdown in that process.

17       Because Mr. Madrigal has not pled facts sufficient to identify the qualifying disability and
18   to show that he is a qualified person under FEHA, *see supra* Section III.A.2, he also fails to state a
19   claim for failure to engage in the interactive process FEHA requires.

20       **D.**    **Retaliation (FEHA, Cal. Gov't Code § 12940 et seq.)**

21       A claim for retaliation under FEHA requires that the plaintiff plead (1) engagement in a
22   protected activity, (2) an adverse employment action, and (3) a causal link between the
23   two.  *Miller v. Dep't of Corr.*, 36 Cal. 4th 446, 472 (2004).  Here, Mr. Madrigal contends that he
24   engaged in the protected activity of requesting accommodations for his disability.  Dkt. No. 14 at
25   11.  Because this claim derives from his failure to accommodate claim, Mr. Madrigal fails to state
26   a claim for retaliation for the same reasons he does not state a claim for failure to accommodate.
27   *See supra* Section III.B.
28

### E. Wrongful Termination

Discrimination under FEHA can support a claim for wrongful termination in violation of public policy in California. *Alejandro*, 129 F. Supp. 3d at 915 (citing *Stevenson v. Superior Ct.*, 16 Cal. 4th 880, 897 (1997); *Rojo v. Kliger*, 52 Cal. 3d 65, 89–91 (1990); *Kelley v. Conco Cos.*, 196 Cal. App. 4th 191, 214 (2011)). A claim for wrongful termination must allege (1) an employee-employer relationship; a termination that (2) violated public policy and (3) was the legal cause of damages; and (4) the amount and nature of those damages. *Ali v. Robert Half Int'l., Inc.*, 19-CV-00509 NC, 2019 WL 4933573, at *6 (N.D. Cal. Oct. 7, 2019), *aff'd*, 796 F. App'x 467 (9th Cir. 2020).

PTL asserts that Mr. Madrigal's wrongful termination claim is predicated entirely on his disability discrimination and retaliation claims, and it should be dismissed for the same reasons. Dkt. No. 9 at 14–15. Mr. Madrigal does not dispute that his wrongful termination claim depends on his disability discrimination and retaliation claims. Dkt. No. 14 at 12.

Because Mr. Madrigal has not adequately pled a disability discrimination or retaliation claim under FEHA, he likewise has not adequately pled a wrongful termination claim. *Galarpe v. United Airlines, Inc.*, No. 17-cv-06514-EMC, 2018 WL 348161, at *3–5 (N.D. Cal. Jan. 10, 2018) (dismissing wrongful termination claim where "[p]laintiff's allegations failed to plausibly suggest a viable discrimination claim," because "whether [p]laintiff has adequately pleaded a wrongful termination claim is coincident with whether he has adequately pleaded a violation of FEHA").

### F. Punitive Damages

The parties disagree about the pleading requirements for punitive damages. PTL argues that Mr. Madrigal must plead his claim for punitive damages with particularity. Dkt. No. 9 at 16–20. Mr. Madrigal responds that Federal Rule of Civil Procedure 9(b) requires only the general averment of malice, intent, knowledge, and other conditions of mind." Dkt. No. 14 at 12–13. Because this action is before the Court based on diversity jurisdiction, California Civil Code § 3294 provides the substantive law for punitive damages, but the Federal Rules of Civil Procedure provide the pleading standard. *Alejandro*, 129 F. Supp. 3d at 916; *see also Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, (N.D. Cal. 2015) (holding that in diversity jurisdiction cases, Cal.

10

Civ. Code § 3294 provides the governing substantive law for punitive damages, but that the Federal Rules of Civil Procedure provide the pleading standard for cases in federal courts); *Kelly Moore Paint Co., Inc. v. Nat'l Union Fire Ins. Co.*, No. 14-cv-01797-MEJ, 2014 WL 2119996, at *3 (N.D. Cal. May 21, 2014) (same).

Mr. Madrigal is correct that general allegations of malice, knowledge, and intent suffice under Rule 9(b). Even so, Mr. Madrigal does not otherwise plead a plausible claim for punitive damages. As explained above, he does not state a claim for relief under FEHA, let alone allegations that suggest conduct warranting punishment under California Civil Code § 3294. *Iqbal*, 556 U.S. at 678. Accordingly, Mr. Madrigal fails to adequately state a claim for punitive damages.

### G.  Leave to Amend

While leave to amend generally is granted liberally, the Court has discretion to dismiss a claim without leave to amend if amendment would be futile. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1197 (N.D. Cal. 2010) (citing *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996)). Because the Court cannot say that amendment would be futile, the Court gives Mr. Madrigal leave to amend his complaint to address the deficiencies described above.

## IV.  MOTION TO STRIKE

PTL requests that the Court strike paragraphs 29, 30, 43, 49, 56, 57, 64 and paragraph 3 of the prayer for relief in Mr. Madrigal's complaint, which it says relate to his claim for punitive damages. Dkt. No. 9 at 20. Other than arguing that Mr. Madrigal has not properly pled a claim for punitive damages, PTL does not explain how those paragraphs are redundant, immaterial, impertinent, or scandalous. Because it is not clear that the paragraphs at issue "have no possible bearing on the subject of the litigation," and because motions to strike are disfavored, the Court denies PTL's motion to strike. *Rees*, 308 F.R.D. at 274–75 (denying defendants' Rule 12(f) motion to strike on the basis that plaintiffs did not adequately plead the requirements for recovery of punitive damages against a corporation under Cal. Civ. Code § 3294(b)); *Platte Anchor*, 352 F. Supp. 2d at 1057; *Oracle Am.*, 817 F. Supp. 2d at 1132.

## V. CONCLUSION

For the foregoing reasons, the Court grants PTL's motion to dismiss with leave to amend and denies PTL's motion to strike. Mr. Madrigal may file an amended complaint by **April 19, 2021**.

**IT IS SO ORDERED.**

Dated: April 5, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge