UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JORGE MADRIGAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PERFORMANCE TRANSPORTATION, LLC,<br><br>　　　　　Defendant. | Case No. 21-cv-00021-VKD<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; DENYING MOTION TO DISMISS PUNITIVE DAMAGES REMEDY**<br><br>Re: Dkt. No. 49 |

With leave of the Court, defendant Performance Transportation, LLC ("PTL") seeks reconsideration of this Court's order denying PTL's motion to dismiss the First Amended Complaint ("FAC") with respect to the sufficiency of plaintiff Jorge Madrigal's request for punitive damages pursuant to California Civil Code § 3294. Dkt. No. 49. Mr. Madrigal opposes PTL's motion for reconsideration. Dkt. No. 54. PTL's motion is suitable for decision without oral argument. Civil L.R. 7-1(b).

Having considered the parties' submissions, the Court grants PTL's motion for reconsideration but, on reconsideration, denies PTL's motion to dismiss Mr. Madrigal's request for punitive damages.

**I.   BACKGROUND**

On May 3, 2021, PTL moved to dismiss Mr. Madrigal's demand for punitive damages, among other things, on the ground that the FAC fails to allege misconduct by an officer, director, or managing agent of PTL, and fails to allege any facts from which fraudulent, malicious, or oppressive conduct by PTL could be inferred. Dkt. No. 31 at 17-21; Dkt. No. 36 at 13-15. Mr. Madrigal responded by observing that under Rule 9(b) of the Federal Rules of Civil Procedure he

may rely on general allegations of "malice, intent, knowledge, and other conditions of mind." Dkt. No. 35 at 16. In addition, Mr. Madrigal argued that the FAC alleges that Mr. Sablan is a managing agent of PTL, and that Mr. Sablan participated in what Mr. Madrigal calls the "sham accommodation meeting" and personally terminated Mr. Madrigal shortly thereafter by issuing a letter that falsely described the circumstances supporting the termination. *Id.* at 17 (citing Dkt. No. 30 ¶¶ 21, 26, 39, 40, 59, 72, 77, 85, 86, 93).

On July 7, 2021, the Court denied PTL's motion to dismiss the First Amended Complaint. Dkt. No. 41. However, the Court did not specifically address PTL's arguments for dismissing Mr. Madrigal's request for punitive damages. On July 16, 2021, PTL requested leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9 on the ground that the Court had overlooked PTL's arguments on this point. Dkt. No. 44. The Court granted PTL leave to file a motion for reconsideration and permitted Mr. Madrigal to file a response within 7 days. Dkt. No. 45.

On July 23, 2021, PTL filed its motion for reconsideration. Dkt. No. 49. Mr. Madrigal filed an opposition 4 days late on August 3, 2021. Dkt. No. 54.

## II.     DISCUSSION

As an initial matter, the Court agrees with PTL that its earlier order did not address that portion of PTL's motion to dismiss challenging the sufficiency of Mr. Madrigal's allegations in support of punitive damages. The Court also agrees with PTL that this issue is properly addressed in a Rule 12(b)(6) motion to dismiss. *See, e.g., In re Yahoo! Inc. Customer Data Security Breach Litig.*, 313 F. Supp. 3d 1113, 1148 (N.D. Cal. 2018) (Rule 12(b)(6) is proper mechanism for challenging sufficiency of factual allegations supporting punitive damages remedy). The cases on which Mr. Madrigal relies to the contrary are inapposite, as those cases concern whether a *claim for relief* may be dismissed if the remedy sought is unavailable but some other relief is available. *See, e.g.*, *Doe v. United States Dept. of Justice*, 753 F.2d 1092, 1104 (D.C. Cir. 1985) (vacating district court dismissal of plaintiff's claim for failure to seek the appropriate remedy, where other appropriate relief was available). Here, PTL's motion for reconsideration challenges only the sufficiency of Mr. Madrigal's request for punitive damages as a *remedy*, and not the underlying claim or claims for relief.

Considering PTL's arguments on the merits, the Court concludes that the allegations of the FAC are sufficient to support Mr. Madrigal's request for punitive damages. The FAC alleges facts that, viewed in the light most favorable to Mr. Madrigal, support an inference that at least Mr. Sablan was a managing agent of PTL. While the nature and extent of Mr. Sablan's authority is not clear, the FAC alleges that he participated in a meeting to discuss Mr. Madrigal's request for accommodation, and he enjoyed sufficient authority to sign a letter on PTL's behalf terminating Mr. Madrigal's employment shortly after the meeting. Dkt. No. 30 ¶¶ 21. It may be that the evidence will ultimately show that Mr. Sablan is not a managing agent, but the existing allegations of the FAC are sufficient to withstand a Rule 12(b)(6) motion to dismiss on this point. *See Mitri v. Walgreen Co.*, 566 F. App'x 606, 607 (9th Cir. 2014) (reversing judgment overturning jury's punitive damages award, as jury could have reasonably inferred that defendant's employee was a "managing agent" from the totality of the evidence).

Similarly, while Mr. Madrigal's allegations of malice, fraud, and oppression are largely conclusory, the FAC does include more specific allegations of fact from which the requisite misconduct may be inferred, including: (1) that the accommodation meeting in which Mr. Sablan participated was a sham because PTL simply rejected Mr. Madrigal's request without offering or exploring other options; (2) that the termination letter signed by Mr. Sablan falsely characterized Mr. Madrigal's request for accommodation per his doctor's advice as "permanent work restrictions," when the request was only for temporary accommodations; (3) that the termination letter signed by Mr. Sablan falsely stated that Mr. Madrigal had "voluntary[ily] quit" when in fact he was terminated; and (4) that despite four years of excellent work for PTL, Mr. Madrigal was terminated shortly after requesting an accommodation and in retaliation for that request. *See* Dkt. No. 30 ¶¶ 21, 22, 65, 73. Mr. Madrigal will have the burden to prove that the alleged misconduct occurred and that it satisfies the requirements of California Civil Code § 3294; however, the Court cannot say that, as a matter of law, the allegations of the FAC could not support an award of punitive damages. *See Mitri v. Walgreen Co.*, 660 F. App'x 528, 530 (9th Cir. 2016) (describing circumstantial evidence from which jury could conclude that managing agent ratified misconduct).

### III. CONCLUSION

The Court grants PTL's motion for reconsideration but, on reconsideration, denies PTL's motion to dismiss Mr. Madrigal's request for punitive damages.

**IT IS SO ORDERED.**

Dated: November 16, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge